**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Joyce White,**

        *Plaintiff*,

v.                                                           **Case No. 3:05-cv-404**
                                                          **Judge Thomas M. Rose**

**Copeland Corporation,** *et al.***,**

        *Defendants*.

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY, DOC. 24, AND GRANTING DEFENDANT COPELAND CORPORATION'S MOTION TO CLARIFY ORDER. DOC. 27.**

      Pending before the Court are Plaintiff's Motion to Compel Discovery, Doc. 24, and Defendant Copeland Corporation's Motion to Clarify Order. Doc. 27. Plaintiff's motion requests a court order compelling the production of documents and extending the discovery deadline. Motions to compel discovery are provided for under Federal Rule of Civil Procedure 37(a). The federal rule stipulates, however, that "[t]he motion must include a certification that the movant has in good faith conferrred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A)&(B). Local Rule 37.1 rquires not merely a good faith effort, but exhaustion of all extrajudicial means. See Local Rule 37.1. Failure to provide the required certification is grounds, in and of itself to deny a motion to compel. *Powers v. Thomas M. Cooley Law School*, 2006 WL 2711512, *3 (W.D. Mich.

2006)(parties failed to confer in person or by telephone).  Plaintiff's Motion to Compel, Doc. 24, is thus **DENIED**.

The other motion pending before the Court is Defendant Copeland Corporation's Motion to Clarify Order.  Doc. 27.  Therein, Defendant asks the to Court to clarify its earlier order restricting access to the personnel files of six Copeland employees to "attorney's eyes only."  See Doc. 22.  Unlike so many of the cases Plaintiff cites, Plaintiff is being excluded only from those portions of the deposition concerning the material contained in the six employee's personnel files, not from the entire deposition.  The Court's prior order is the law of the case, and it is clear: the personnel files are for attorney's eyes only, "unless permission is obtained from the Court or the parties mutually agree."  Doc. 22 at 1.  Defendants' Motion to Clarify Order, Doc. 27, is thus **GRANTED.**

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, February 16, 2007.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE